UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| WILLIAM BAER, as parent and next friend ) of minor children JB and MB, ) Plaintiffs, ) v. ) FIRST STUDENT, INC. and KENT ) HEMINGWAY, Superintendent, SAU 73 ) in both his individual and official capacities ) Defendants ) ) | Civil Case. No. 15-cv-512 |

# COMPLAINT

The plaintiff, William Baer, as parent and next friend of minor children JB and MB, by and through counsel, allege the following:

1. This case arises out of the unlawful use of electronic audio recording devices on school buses in Gilford, NH.

2. William Baer is a resident of Gilford, NH and parent and next friend of JB and MB.

3. JB is a resident of Gilford, NH and a student at Gilford High School.

4. MB is a resident of Gilford, NH and a student at Gilford High School.

5. Defendant First Student Management, LLC is a student transportation company formed under the laws of Delaware with a business address of 600 Vine St., #1400, Cincinnati, OH 45202.

6. First Student is a subsidiary of FirstGroup, plc a multi-national transportation company headquartered in Aberdeen, Scotland with annual gross revenues exceeding $9,000,000,000.

7. Defendant Kent Hemingway is a resident of Belknap County, NH and the superintendent of SAU 73, a school administrative unit that contains Gilford High School.

## JURISDICTION AND VENUE

8. Jurisdiction vests in this court pursuant to 28 U.S.C. § 1331 for all federal claims because they arise under the Constitution and laws of the United States.

9. Jurisdiction vests in this court pursuant to 28 U.S.C. § 1357 for all federal wiretapping claims.

10. Jurisdiction vests in this court pursuant to 28 U.S.C. § 1367(a) for all state claims, as they involve the same case or controversy and rely upon substantially the same nucleus of operative facts.

11. Venue is proper in the United States District Court for the District of New Hampshire because the matters complained of occurred within this District and the plaintiffs reside in this District.

## COMMON ALLEGATIONS

12. Defendant Kent Hemingway is the superintendent of SAU 73, a school district in the State of New Hampshire.

13. SAU 73 contracts with First Student for student transportation services.

14. First Student and/or SAU 73 employ drivers for the school buses.

15. At the direction of SAU 73 and/or First Student, the bus drivers regularly record oral communications on the several buses.

16. At the direction of SAU 73 and/or First Student, the bus drivers use electronic devices to intercept the oral communications.

17. SAU 73 and/or First Student provides and maintains the electronic devices used to intercept the oral communications.

18. Each minor plaintiff attends, and has been attending, Gilford High School.

19. Gilford High School is part SAU 73.

20. JB and MB are students at Gilford High School in their senior and junior years, respectively.

21. They have been riding bus designated as "#3" to and from school since at least September 2013.

22. In the course of traveling on the bus, the minor plaintiffs regularly engage in oral conversation.

23. At no point until January 2015 did the minor plaintiffs expect that their oral communications were being recorded.

24. At no point until January 2015 did the minor plaintiffs have a reason to expect that their oral communications were being recorded.

25. At no time did either minor plaintiff give consent to be recorded, nor did either have prior knowledge of any recordings.

26. In January 2015, JB was summoned to the school principal's office to discuss with the principal an incident that had occurred on Bus #3.

27. During the conversation, the principal referenced an audio recording of JB made during his school bus trip.

28. JB referenced the school handbook, which discusses the use of audio recorders on buses.

29. More specifically, the handbook notes that state law requires any bus using recording equipment to post a sign warning its occupants that they might be recorded.

30. JB and MB examined Bus #3, and a number of other buses at Gilford High School, and learned that most of the buses including their own failed to display any sign warning that oral communications could be recorded.

31. Among his duties as superintendent, Kent Hemingway is responsible for directing that the signs be placed.

32. Shortly thereafter, Gilford High School and/or Kent Hemingway directed that the requisite signs be placed in the buses.

## CLAIMS

**Against First Student**
    **Count 1 - Federal Wiretap Act**

33. The foregoing allegations are incorporated herein by reference as if set forth at length.

34. 18 U.S.C. § 2520(a) creates a civil cause of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to "recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

35. First Student is a "person" as defined by 18 U.S.C. § 2510(6) because it is a "corporation."

36. In its capacity as a person, First Student intentionally intercepted, endeavored to intercept, and/or procured other(s) to intercept the minor plaintiffs' oral communications in violation of 18 U.S.C. § 2511(1)(a) during the time, and every time, that they rode Bus #3.

37. In so doing, First Student acted wantonly or recklessly.

**Count 2 - New Hampshire Wiretap Act**

38. The foregoing allegations are incorporated herein by reference as if set forth at length.

4

39. RSA 570-A:11 creates a civil cause of action for "[a]ny person whose telecommunication or oral communication is intercepted, disclosed, or used in violation of" RSA 570-A against "any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose or use such communications...."

40. First Student is a "person" as defined by RSA 570-A:1, V because it is a "corporation."

41. In its capacity as a person, and without the consent of all parties, First Student wilfully intercepted, endeavored to intercept, and/or procured other(s) to intercept the minor plaintiffs' oral communications in violation of RSA 570-A:2, I(a) during the time, and every time, that they rode Bus #3.

42. In so doing, First Student acted wantonly or recklessly.

**Against Kent Hemingway, individually, and in his official capacity**
**Count 3 - Federal Wiretap Act - Intercepting Oral Communications**

43. The foregoing allegations are incorporated herein by reference as if set forth at length.

44. 18 U.S.C. § 2520(a) creates a civil cause of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to "recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

45. Kent Hemingway is a "person" as defined by 18 U.S.C. § 2510(6) because he is an "employee, or agent of the United States or any State or political subdivision thereof."

46. In his capacity as a person, Kent Hemingway intentionally intercepted, endeavored to intercept, and/or procured other(s) to intercept the minor plaintiffs' oral communications in violation of 18 U.S.C. § 2511(1)(a) during the time, and every time, that they rode Bus #3.

47. In so doing, Kent Hemingway acted wantonly or recklessly.

**Count 4 - State Wiretap Act**

48. The foregoing allegations are incorporated herein by reference as if set forth at length.

49. RSA 570-A:11 creates a civil cause of action for "[a]ny person whose telecommunication or oral communication is intercepted, disclosed, or used in violation of" RSA 570-A against "any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose or use such communications...."

50. Kent Hemingway is a "person" as defined by RSA 570-A:1, V because he is an "employee or agent of the state or political subdivision thereof."

51. In his capacity as a person, and without the consent of all parties, Kent Hemingway wilfully intercepted, endeavored to intercept, and/or procured other(s) to intercept the minor plaintiffs' oral communications in violation of RSA 570-A:2, I(a) during the time, and every time, that they rode Bus #3.

52. In so doing, Kent Hemingway acted wantonly or recklessly.

**PRAYER FOR RELIEF**

WHEREFORE the plaintiffs pray that this Court will grant the following relief:

A. Award the plaintiffs damages from First Student, Inc. as follows:
   a. Statutory damages as authorized by 18 U.S.C. 2520(b)(2) and (c)(2) and RSA 570-A:11.
   b. Punitive damages as authorized by 18 U.S.C. 2520(b)(2) and RSA 570-A:11.
   c. Attorney's fees and litigation costs as authorized by 18 U.S.C. 2520(b)(3) and RSA 570-A:11.

B. Award the plaintiffs damages from Kent Hemingway as follows:
   a. Statutory damages as authorized by 18 U.S.C. 2520(b)(2) and (c)(2) and RSA 570-A:11.

      b. Punitive damages as authorized by 18 U.S.C. 2520(b)(2) and RSA 570-A:11.

      c. Attorney's fees and litigation costs as authorized by 18 U.S.C. 2520(b)(3) and RSA 570-A:11.

C. Order the defendants to bring all currently-running buses into compliance with State and federal law.

D. Grant any further relief this Court deems just and reasonable.

## JURY DEMAND

The plaintiffs demand a trial by jury.

Respectfully submitted,

WILLIAM BAER, as parent and next friend of JB AND MB

Through counsel:

DATED:  12/22/2015

**/s/ Jared Bedrick**
Jared Bedrick #20438
Bedrick Law, PLLC
270 Coolidge Ave
Manchester, NH 03102
(603) 892-2405
jared@bedricklaw.com

7